IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LEON D. VESSELL | § | |
| VS. | § | CIVIL ACTION NO. 9:20-cv-12 |
| BLAKE LAMB, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Leon D. Vessell, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit against Blake Lamb, Taliesen Stern, Joy Runnels and Patrick Dickens. Defendant Lamb is an assistant warden. Defendants Dickens and Stern are, respectively, a major and a captain. Defendant Runnels is the chief of the unit classification committee ("UCC"). Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs.

This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a joint Motion for Summary Judgment filed by Defendants (Doc. #25.)

Factual Allegations

Plaintiff states that in 1978 he was in a boat crash which resulted in third and fourth degree burns to his lower extremities. In 2016, after being incarcerated, he developed cellulitis, a bacterial skin infection, which caused him to be hospitalized four times between July, 2016, and September, 2016.

Plaintiff states he was transferred to the Polunsky Unit on September 22, 2016. He alleges that on that date, Defendant Lamb failed to provide him with a correct bunk assignment. Plaintiff asserts that because he refused to sleep in the top bunk to which he was assigned, he was transferred

to disciplinary housing. Plaintiff states that as a result of the burns he suffered, he is physically incapable of climbing into a top bunk. He asserts that while he was in disciplinary housing, he was unable to elevate his lower extremities to prevent further swelling.

On October 17, Plaintiff appeared before the UCC seeking a bottom bunk assignment. Defendants Dickens, Stern and Runnels were members of the committee. Plaintiff states that during the committee meeting, he exposed his legs to the members. He alleges Defendant Dickens responded by stating, "I've got legs, too. What are you showing me?" The UCC did not change Plaintiff's bunk assignment.

## The Motion for Summary Judgment

Defendants assert the defense of qualified immunity, stating Plaintiff's allegations fail to demonstrate they were deliberately indifferent to his serious medical needs. In support of their Motion for Summary Judgment, Defendants have provided the court with portions of Plaintiff's grievance and medical records. Attached to the records submitted by Defendants are business records affidavits.

The records show that on July 20, 2016, before Plaintiff arrived at the Polunsky Unit, a Health Summary for Classification form ("HSC") was completed restricting Plaintiff to a lower bunk. (Doc. #26, p. 18.). Another HSC was completed on September 2 which contained no restriction on Plaintiff's bunk assignment. (Doc. #26-1, p. 104.).

Plaintiff arrived at the Polunsky Unit on September 22, 2016. (Doc. #26, p. 26.). On September 23, Dr. James D. Geddes reviewed Plaintiff's records and assigned Plaintiff to a week of contact isolation because his bacterial infection was contagious. *Id*. The doctor did not make any restriction regarding Plaintiff's bunk assignment. *Id*. Plaintiff was examined again on October 5 and released from isolation. (Doc. # 26, pp. 32-33.). Again, no restriction was placed on Plaintiff's bunk assignment. *Id*.

On November 11, 2016, in response to a sick call request by Plaintiff, the medical department confirmed that Plaintiff's medical records did not contain orders for a bottom bunk

restriction. (Doc. #26-1, p. 88.). On November 15, an HSC was completed restricting Plaintiff to a bottom bunk. (Doc. #26-1, p. 102-03.).

Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

At the summary judgment stage of the proceedings, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden at this stage "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

As summary judgment is a final adjudication on the merits, courts must apply the device cautiously. *Hulsey v. State of Tex.*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to guard against premature truncation of legitimate lawsuits merely because of unskilled presentation. *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989). Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-

moving party, no reasonable jury could return a verdict for that party. *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

<u>Analysis</u>

*Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Evaluating qualified immunity is a two-step process. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). First, the court must determine whether a plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736. Then, if a constitutional right was violated, the court must determine whether the right was clearly established at the time of the violation. *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). A specific right is clearly established only if its contours "are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000).

"A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Once government officials assert the defense of qualified immunity, the burden shifts to the plaintiff to "rebut the defense by establishing that the allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness" of the conduct. *Gates v. Tex. Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 419 (5th Cir. 2008).

*Deliberate Indifference to Serious Medical Needs*

If prison officials knowingly give an inmate a work or housing assignment they know may significantly aggravate a serious physical ailment, that decision may constitute deliberate indifference to serious medical needs, in violation of the Eighth Amendment to the Constitution. *Jackson*, 846 F.2d at 1246. To establish a violation of the Eighth Amendment based on the denial

of medical care, a prisoner must allege a defendant was deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A defendant is deliberately indifferent to serious medical needs only if he knows an inmate faces a substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). Negligence or neglect does not rise to the level of a constitutional violation. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). In *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001), the United States Court of Appeals for the Fifth Circuit described the deliberate indifference standard as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs.

*Application*

This case is similar to *Hunt v. Larson*, 68 F.3d 466 (5th Cir. 1995) (unpublished table decision).[1] In that case, the plaintiff alleged that four prison officials were deliberately indifferent to his serious medical needs by giving him a work assignment which he was not medically able to perform. The Fifth Circuit, citing *Reeves v. Collins*, 27 F.3d at 177, stated that where an inmate's medical record does not reflect any need for work restrictions, requiring an inmate to perform a job despite his complaints could amount to nothing more than negligence. *Id*. The court then held that as the work assignment was consistent with the plaintiff's medical classification, the defendants were not deliberately indifferent by relying on his medical records and classification to give him a work assignment. *Id*.

---

[1] *Hunt* is an unpublished decision. However, as the decision was issued prior to January 1, 1996, it constitutes binding precedent under Fifth Circuit Local Rule 47.5.4. *United States v. Duran*, 934 F.3d 407, 412 n.1 (5th Cir. 2019)

Initially, Plaintiff alleges Defendant Lamb was deliberately indifferent to his serious medical needs when he permitted Plaintiff to be assigned to a top bunk upon his arrival at the Polunsky Unit. At one point in time, Plaintiff's HSC restricted him to a bottom bunk. However, on the date he arrived at the Polunsky Unit, Plaintiff's then-most recent HSC did not contain such a restriction. In light of *Hunt*, as Plaintiff's medical and classification records did not require Plaintiff to be assigned to a bottom bunk, Defendant Lamb was not deliberately indifferent in permitting Plaintiff to be assigned to a top bunk.[2]

Plaintiff also alleges the remaining Defendants, as members of the UCC, were deliberately indifferent by not changing his housing assignment to a bottom bunk. However, *Hunt* establishes that Defendants Dickens, Stern and Runnels were entitled to rely on Plaintiff's medical records to decide he did not have to be reassigned to a bottom bunk.

Plaintiff also alleges he exposed his legs to Defendants Dickens, Stern and Runnels when the UCC met. The remark Plaintiff attributes to Defendant Dickens could, at best, be described as flippant. However, Plaintiff does not allege any of these Defendants were medically trained. Without any medical training, the failure of these Defendants to reassign Plaintiff to a bottom bunk based on the appearance of his legs would, in light of Plaintiff's medical and classification records, amount to no more than negligence.

For the reasons set forth above, there is no genuine dispute of material fact with as to whether Defendants were deliberately indifferent to Plaintiff's serious medical needs. As Plaintiff

---

[2] There is no indication Defendant Lamb examined Plaintiff's records before permitting him to be assigned to a top bunk. However, in *Reeves v. Collins*, *supra*, two correctional officers assigned the plaintiff to a work assignment without consulting his medical records. The plaintiff told the officers he could not perform the work due to medical restrictions from an earlier back injury. The court held that, as a review of the plaintiff's records would have revealed no restriction on his work assignment, the officers were not deliberately indifferent. 27 F.3d at 177. In light of *Reeves*, Defendant Lamb's failure to examine Plaintiff's medical records does not prevent the conclusion that he was not deliberately indifferent.

has failed to demonstrate Defendants violated a constitutional right, they are entitled to qualified immunity.[3] Their Motion for Summary Judgement should therefore be granted.

## Recommendation

The Motion for Summary Judgment filed by Defendants should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 3rd day of October, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

---

[3] As Plaintiff has not established a constitutional violation, the second prong of the qualified immunity analysis need not be considered. However, even if Plaintiff had established a constitutional violation, the decision in *Hunt* would preclude the conclusion that Defendants violated clearly established law.